■ VITO DE PALO, Individually and as Administrator of the Estate of MICHAEL DE PALO, Deceased, Respondent, v. CITY OF NEW YORK et al., Appellants.— In an action to recover damages for wrongful death and conscious pain and suffering, defendants appeal from a judgment of the Supreme Court, Kings County, entered May 1, 1972, upon a jury verdict in favor of plaintiff. The appeal did not present questions of fact. Judgment reversed, on the law, and new trial granted, on the issue of damages only, with costs to abide the event, unless, within 30 days after entry of the order to be made hereon, plaintiff shall serve and file in the office of the clerk of the trial court a written stipulation consenting to reduce the verdict in his favor to $35,000 on the cause of action for wrongful death and $10,000 on the cause of action for conscious pain and suffering and to the entry of an amended judgment accordingly, in which event judgment, as so reduced and amended, is affirmed, without costs. In our opinion the jury's verdict was excessive to the extent indicated herein. Rabin, P. J., Hopkins and Martuscello, JJ., concur; Munder, J., dissents and votes to reverse the judgment and to grant a new trial, on all the issues, with the following memorandum, in which Latham, J., concurs: This action arose out of an incident which occurred at 2:45 A.M. on Christmas morning in 1958. Plaintiff's intestate, then 17 years old, was shot by defendant Cipriano, a New York City patrolman, in the

basement of a Food Fair Supermarket in Brooklyn. He died four days later. Cipriano's uncontroverted testimony was to the effect that when he and his partner arrived at a drugstore, near the supermarket, they observed that a burglary had been committed there and they were told by a passerby that the drugstore burglar, who was wearing a grey coat, had run across the street and broken into the supermarket. Cipriano observed a hole broken in the glass in the front door of the supermarket, and lights on the inside. As Cipriano neared the rear of the store, he spotted a man in a grey coat (the decedent) about 15 feet away. The decedent ignored his command to stop, ran down a flight of stairs to the basement and closed the door behind him. Cipriano shot at the door. He opened the door and saw the decedent running away from him. The decedent then turned and charged at Cipriano while screaming "animal-like noises". The officer fired twice. The decedent turned and ran up a stairwell and Cipriano fired three more times. Shortly thereafter Cipriano followed the decedent up the stairwell and outside the supermarket where he saw his fellow police officers placing the decedent into a police car in order to take him to a hospital. At the time of the events described above, subdivision 3 of section 1055 of the then extant Penal Law defined homicide as justified when committed by a public officer "Necessarily * * * in attempting by lawful ways and means to apprehend a person for a crime actually committed, when the circumstances are such that one would have reasonable cause for believing the committed crime was a felony". This standard is applicable to a civil wrongful death action (see *Fields* v. *City of New York*, 4 N Y 2d 334). Analyzing the evidence described above, there is no way in my opinion that a jury could find Cipriano guilty of an unlawful or negligent act. The officer clearly had reasonable cause to believe that the decedent had committed a felony. He was aware of the drugstore burglary, the description of the grey coat, the broken glass in the front door of the supermarket, the decedent's presence in the store at 2:45 A.M. on the morning of a holiday, and his attempt to flee even after shots were fired. It is obvious that the jury was misled by the charge of the trial court when they were instructed that he (Cipriano) "may *only* use deadly force, deadly force when a felony has in fact been committed or attempted to be committed" (emphasis added). This was not the law, as a reading of pertinent portions of section 1055 of the former Penal Law makes clear. I believe the interests of justice require a new trial despite the failure of defense counsel to except to the improper charge.